**William Henry HACKETT, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 16132.**

United States Court of Appeals
Sixth Circuit.

July 22, 1965.

William Henry Hackett, in pro per.

Lawrence Gubow, U. S. Atty., Paul J. Komives, Asst. U. S. Atty., Detroit, Mich., for appellee.

Before WEICK, Chief Judge, and MILLER and EDWARDS, Circuit Judges.

EDWARDS, Circuit Judge.

Petitioner-appellant in the instant appeal was convicted in 1961 in a jury trial before Judge Ralph M. Freeman in the Eastern District of Michigan, Southern Division, on five counts of violations of the Federal narcotic laws, specifically 21 U.S.C. § 174 and 26 U.S.C. § 4705(a).

Counts One and Two charged unlawful possession and sale of 15.08 grams of heroin on August 18, 1960. Counts Three and Four related to unlawful possession and sale of 40.76 grams of heroin on September 19, 1960. Count Five charged unlawful possession of 239 grams of heroin on October 6, 1960. This last count of the indictment referred to heroin seized from appellant at the time of his arrest on October 6, 1960.

Petitioner having been previously convicted on a narcotics violation, the District Judge imposed a sentence of fifteen years imprisonment on each count, with such sentences to run concurrently.

Thereupon an appeal was taken to this court which resulted in affirmance of the convictions below in a per curiam opinion, United States of America v. Hackett, 303 F.2d 33 (C.A.6, 1962), cert. denied, 371 U.S. 819, 83 S.Ct. 35, 9 L.Ed.2d 60 (1962).

The instant appeal is taken from a collateral attack launched against the same convictions under Section 2255 and Rule 35 of the Federal Rules of Criminal Procedure.

■ The motion under Section 2255 seeks to establish the unconstitutionality of petitioner's convictions because of the indefiniteness of the indictments. In this regard petitioner relies upon the Seventh Circuit rule laid down in Lauer v. United States, 320 F.2d 187 (C.A.7, 1963), which held that a narcotics indictment which did not name the informer was invalid. This rule has been thoroughly considered and rejected by this court in United States v. Dickerson, 337 F.2d 343 (C.A.6, 1964). The Seventh Circuit itself has now reversed its own rule in Lauer v. United States, supra, in Collins v. Markley, 346 F.2d 230 (C.A.7, 1965). On this issue the District Judge was clearly right in dismissing the Section 2255 petition.

The District Judge was also clearly correct in holding that the fourth issue sought to be presented by petitioner in the proceedings before him pertaining to the claimed unlawful search and seizure had been the subject of appeal to this court and had been finally disposed of in United States of America v. Hackett, supra, in which case certiorari was sought before the United States Supreme Court and denied.

The only appellate issue of any substance which is before us at the present time, therefore, pertains to petitioner's contention that the offenses of possession and sale upon which he was convicted in

Counts One and Two and Counts Three and Four should have been treated as merged and that the sentences imposed upon him for Counts One and Three should now be stricken on that ground.

■ It is clear that petitioner is entitled to raise this question before us on a motion filed under Rule 35. Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957); United States of America v. Machibroda, 338 F.2d 947 (C.A.6, 1964). The District Judge considered this issue and ruled against petitioner as follows:

"As to ground No. 3, where the defendant contends that the offenses of possession are merged in the convictions of the same transactions charging sale of narcotics on the same dates, and dealing with the same quantity of the identical narcotic in the possession counts 1 and 3, it appears clearly from the decision of the United States Supreme Court in Gore v. United States, 357 U.S. 286 [386, 78 S.Ct. 1280, 2 L.Ed. 2d 1405], that the offenses charged under Sec. 4705–A, title 26, United States Code, and Sec. 174, title 21, United States Code, are separate and distinct offenses, and therefore do not merge. As Mr. Komives has pointed out here in his brief and in his oral argument, the elements of these offenses are entirely different. The gist of the Sec. 174 violation is that the narcotic was received and concealed by the defendant after having been imported and brought into the United States illegally. On the other hand, the so-called possession counts 2 and 4 relate to some extent to transactions in counts 1 and 3, or more properly, I should say, to the statutes that deal with the sale of narcotics, to a person who does not submit a written order issued for that purpose by the Secretary of the Treasury."

■ We believe that there is a clear-cut distinction between the offense of possession of narcotics (which offense may be committed in the whole without any intention of sale of said narcotics) and the offense of sale of narcotics. It appears to this court that the two offenses, merger of which is here sought to be claimed, are far more obviously distinguishable from each other than the offenses dealt with in Gore v. United States, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1957), and Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed.2d 306 (1932).

The order denying the motions in the instant appeal is hereby affirmed.