**UNITED STATES of America**
v.
**James G. MARTIN, Appellant.**
**No. 16044.**

United States Court of Appeals
Third Circuit.

Argued April 17, 1967.

Decided Dec. 4, 1967.

William Claney Smith, Pittsburgh, Pa. (Albert Martin, Pittsburgh, Pa., on the brief), for appellant.

Lawrence G. Zurawsky, Asst. U. S. Atty., Pittsburgh, Pa. (Gustave Diamond, U. S. Atty., on the brief), for appellee.

Before SMITH and FREEDMAN, Circuit Judges and WORTENDYKE, District Judge.

### OPINION OF THE COURT

PER CURIAM.

Defendant appeals from a judgment of conviction on a four count indictment charging violations of the federal narcotics law.[1] He assigns as error the failure of the district court to suppress certain evidence seized by police at the time of his arrest and admitted into evidence.

The events leading up to the questioned search and seizure are as follows: Pittsburgh police obtained a warrant for the arrest of one Joyce Hammond on a narcotics charge. They also obtained a search warrant for her house. The police, accompanied by a federal narcotics officer, proceeded to the Hammond residence at about 8:15 p. m. and were admitted by Joyce Hammond's common law husband. Joyce Hammond was not at home and the officers decided to wait for her return.

Defendant Martin came to the house at about 9:00 p. m. in response to an invitation from Joyce Hammond's husband. He knocked on a rear door and was admitted into the kitchen. Defendant, recognizing one of the officers, fled through a hallway leading to the front entrance of the house. He was pursued by two law enforcement officers. During his brief flight he discarded eight packets into an unlighted pantry which opened on the hall. After traveling about ten feet Martin was stopped. A police officer retrieved the packets defendant had thrown and gave them to the federal narcotics officer who identified them as "junk" (narcotics). One of the police officers then informed the defendant he was under arrest and searched him. The search revealed twenty "balloons" containing heroin.

Defendant argues that the police were not legally on the Hammond premises and that this vitiated his arrest and the search. The district court found that the officers were legitimately present by reason of a valid arrest warrant. In the instant case, our evaluation of the information presented to the magistrate is considerably hampered by the absence of the affidavit given in support of the application for the search warrant. Although one of the police officers testified that an affidavit had been submitted to the magistrate, such affidavit was apparently mislaid and was never produced. However, we find it unnecessary to pass on the validity of the warrants. Even if we were to find in defendant's favor on this point, we

1. 21 U.S.C.A. § 174; 26 U.S.C.A. § 4704(a); 26 U.S.C.A. § 7237.

would still conclude that the arrest and search of defendant were valid.

 Defendant's pretrial motion, brought pursuant to Rule 41(e), Fed. Rules Cr.Proc., sought to suppress the use as evidence of the narcotics retrieved from the pantry and the "balloons" found on defendant's person. In denying the motion the district court found that 1) before the defendant was stopped and searched, one of the officers recognized the packets discarded by defendant as containers in which narcotics are frequently transported; and 2) defendant's person was not searched until the discarded packets had been retrieved from the pantry and identified as "junk". These findings are amply supported by uncontradicted evidence in the record.

Assuming defendant's contention were true, and that the police were illegally present at the Hammond house, there is no doubt that but for the illegal presence the events leading to appellant Martin's arrest would not have occurred. In Wong Sun v. United States, 371 U.S. 471, 488, 83 S.Ct. 407, 417, 9 L.Ed.2d 441 (1963), however, the Supreme Court refused to consider all evidence whose discovery was causally connected to illegal police activity as "fruit of the poisonous tree." "Rather, the more apt question in such a case is 'whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint.' Maguire, Evidence of Guilt, 221 (1959)."

 It seems quite clear from the record that the facts leading to defendant's arrest and search were not a result of the exploitation by police of their possibly illegal entrance into the Hammond house. As soon as Martin recognized one of the officers, he began to run toward the front of the house. He was seen throwing away packets which, when retrieved, were identified by a federal narcotics officer as "junk". Defendant's voluntary act of throwing the packets into the pantry must be deemed an abandonment of his interest therein. Vincent v. United States, 337 F.2d 891, 896–897 (8th Cir. 1964), and therefore subject to the Government's appropriation. Abel v. United States, 362 U.S. 217, 241, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960). Once the packets were identified, the officers were warranted in believing that a felony was being committed.[2]

 We recognize, of course, that an arrest may not be justified by what an incidental search discloses. Henry v. United States, 361 U.S. 98, 103, 80 S.Ct. 168, 4 L.Ed.2d 134 (1960). No such attempt is made here. The continuance of Martin's detention and his search is supported by the nature of the items Martin abandoned and his provocative acts. It is the existence of this independent probable cause and not the fruits of the search that validates the arrest.

For the reasons stated in this opinion the judgment of the district court will be affirmed.

Judge WILLIAM F. SMITH, Circuit Judge, did not participate in the decision of this case because of illness.

---

**2.** Illegal possession of narcotics is a felony in Pennsylvania. 35 P.S. § 780–20(c). Under Pennsylvania law a police officer is authorized to make an arrest if he has probable cause to believe that the person to be arrested has committed a felony. Commonwealth v. Bosurgi, 411 Pa. 56, 190 A.2d 304, 310 (1963).