Ramon E. **FALU**

v.

**UNITED STATES of America.**

No. 69 Civ. 1679.

United States District Court,
S. D. New York.

July 24, 1969.

Robert M. Morgenthau, U. S. Atty., S. D. New York, New York City, for United States.

Ross Sandler, Arthur A. Munisteri, Asst. U. S. Attys., of counsel.

Ramon E. Falu, pro se.

COOPER, District Judge.

Petitioner moves to vacate and set aside sentence pursuant to 28 U.S.C. § 2255.

He asserts three grounds for relief: (1) he was under the influence of drugs and legally incompetent at the time of the commission of the crime; (2) he was "on withdrawal from drugs, and under medication being administered daily by medical officers of the (then) place of confinement" causing him to be mentally incompetent at the time of his guilty plea; (3) the court erred in not ordering on its own motion an examination as to petitioner's mental condition and a hearing as to petitioner's competency to stand trial pursuant to 18 U.S.C. § 4244.

Mental incompetency at the time of the crime is not properly raised by a motion pursuant to 28 U.S.C. § 2255. See, *e. g.*, Wheeler v. United States, 340 F.2d 119, 121 (8th Cir. 1965). Moreover, that contention was waived when petitioner in full possession of his faculties and represented by able counsel, freely, voluntarily and intelligently pleaded guilty to the crime charged.

Petitioner's contention that he was "on withdrawal from drugs, and under medication" at the time of his guilty plea is conclusively rebutted by the files and records of this case. As stated in the affidavit (verified July 11, 1969) of Assistant United States At-

torney Ross Sandler and confirmed by the exhibits attached thereto:

"4. The petitioner did receive medical treatment for heroin addiction at the Federal House of Detention. Exhibit C. He received methodone from September 16, 1968 until September 23, 1968 when it was determined that no further treatment in denarcotization was required. Thus petitioner received his last methodone treatment more than 36 hours before he appeared in court to plead. He received no medication whatsoever on the morning of his plea. The only medication taken by the petitioner on that day was taken in the evening after the plea and consisted only of vitamins A & D and equinol."

Furthermore, his contention is specifically controverted by his own testimony before Judge Tyler at the time of his plea and in the presence of his attorney.[1]

 Petitioner's final contention that the court on its own motion should have ordered an examination and hearing as to petitioner's mental competency is similarly without merit. Not a single evidentiary fact is submitted to support the allegation. See United States v. Molino, 240 F.Supp. 332 (S.D.N.Y.1965). The record in no wise even suggests that petitioner might have been "so mentally incompetent as to be unable to understand the proceedings against him or properly assist in his own defense." 18 U.S.C. § 4244. To the contrary, petitioner intelligently answered all questions put to him by the Court; the Court expressed its belief that petitioner was in good health; and petitioner's alert counsel never requested a judicial determination of mental competency.

Accordingly, as the files and records of this case, together with petitioner's

application, conclusively show that he is entitled to no relief, an evidentiary hearing is not required; motion to vacate and set aside sentence denied.

So ordered.

---

1. The transcript of his plea of guilty before Judge Tyler on September 25, 1968, reads as follows:

"Q I have seen you two or three times this week, and based on my own observations you seem to be in good health, but you tell me, how do you feel this morning?

A A little nervous.
Q I understand that, but physically you feel all right?
A Yes, sir.
Q You are not sick or anything?
A No, sir."