**UNITED STATES of America**

v.

**James G. MARTIN, Appellant.**

**No. 18172.**

United States Court of Appeals, Third Circuit.

Argued June 1, 1970.

Decided July 16, 1970.

Roslyn M. Litman, Litman, Litman, Harris & Spector, Pittsburgh, Pa., for appellant.

Blair A. Griffith, First Asst. U. S. Atty., Pittsburgh, Pa. (Richard L. Thornburgh, U. S. Atty., John H. Bingler, Jr., Asst. U. S. Atty., Pittsburgh, Pa., on the brief), for appellee.

Before FREEDMAN, SEITZ and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

On June 9, 1966, a judgment and commitment was entered against defendant Martin after a jury had returned a verdict of guilty on all four counts of an indictment which charged, in counts one and two, that he concealed and facilitated the transportation of illegally imported heroin and cocaine, respectively, in violation of 21 U.S.C. § 174, and in counts three and four that he dispensed and purchased heroin and cocaine, respectively, not in the original stamped package, contrary to 26 U.S.C. § 4704(a). This judgment imposed a sentence of two concurrent ten-year terms under counts one and two and two concurrent ten-year terms under counts three and four, the last two ten-year terms being consecutive to the terms imposed on counts one and two. This conviction was affirmed by this court on appeal, United States v. Martin, 386 F. 2d 213 (3rd Cir. 1967), and certiorari was denied by the United States Supreme Court, Martin v. United States, 393 U.S. 862, 89 S.Ct. 142, 21 L.Ed.2d 130, on October 14, 1968. Defendant's November 18, 1968, motion to reduce sentence was denied by the District Court on December 10, 1968. Defendant then filed on February 20, 1969, a motion to correct his sentence under F.R. Crim.P. 35. On July 21, 1969, the District Court entered an opinion and order vacating the sentences imposed on counts two and four (those concerning cocaine), but it declined to change the consecutive ten-year sentences imposed on counts one and three which involved heroin.[1] It is from this denial that defendant appeals.

---

1. This July 21, 1969, opinion contained this language:

"The possession of heroin formed the basis for the charges in the first and third counts and the possession of cocaine formed the basis for the second and fourth counts. We think that under the facts and circumstances that exist in this case, each specific narcotic drug cannot be the basis for a separate count. The defendant was in possession of both narcotic drugs at the same time and at the same place. * * *

"* * * [I]n the absence of actual proof of purchase, etc., the [statute] permits mere possession to be prima

The evidence introduced at the trial indicated that while officers of the Pittsburgh police narcotics squad and a federal narcotics officer were waiting at a residence in Pittsburgh to serve an arrest warrant on a woman resident, the defendant appeared at the rear door of the building. Upon being admitted, he apparently recognized the officers and attempted to flee. As he passed the pantry, he threw five balloons and a piece of brown paper into the pantry along with two pieces of aluminum foil. When he was stopped by another officer in the house, a search of the sweater he was wearing revealed twenty more balloons and another brown piece of paper. Subsequent analysis revealed that each of the 25 balloons and one of the brown pieces of paper contained heroin, while the brown paper in his sweater pocket and the two pieces of aluminum foil contained cocaine.

■ Both Martin and the Government assert that their respective positions are sustained by the Supreme Court's recent holding in Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970). First, Martin contends that while the Court in *Turner* sustained the constitutionality of the presumption of knowledge of illegal importation from possession as provided in 21 U.S.C. § 174, it did so only with regard to the special facts in that case which he alleges are sufficiently different to require a contrary holding as to him. In deciding that a possessor of heroin knows with a "high probability" of assurance that the heroin which he possesses has been illegally imported, as the presumption in § 174 provides, the Supreme Court stated:

> "It may be that the ordinary jury would not always know that heroin illegally circulating in this country is not manufactured here. But Turner and others who sell or distribute heroin are in a class apart." (footnote omitted) *Id.* at 416, 90 S.Ct. at 652.

From this, Martin argues that the holding in *Turner* affirming the constitutionality of § 174 should be restricted to persons like Turner, who had some 275 glassine bags of the narcotic in his possession when apprehended, thus indicating that he was in the process of distributing the drug, rather than possessing it for personal consumption. Such a reading overlooks the following language in the same paragraph from which the above-quoted notation was taken:

> "The facts concerning heroin are available from many sources, frequently in the popular media. 'Common sense' * * * tells us that those who traffic in heroin will inevitably become aware that the product they deal in is smuggled,[33] unless they practice a studied ignorance to which they are not entitled. * * *
>
> "33. Such a conclusion is also justified with regard to those users and addicts who frequently purchase supplies of heroin on the retail market. * * *"
> *Id.* at 417, 90 S.Ct. at 653.

Martin's contention in this regard is therefore rejected, since the evidence mentioned indicates that he was at least a frequent user.

---

facie evidence of a violation. In our judgment this statutory aid cannot be construed to mean that possession of two or more different narcotic drugs at the same time can be prima facie evidence of two or more separate purchases. To do so would be a denial of due process. See: Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969).

"In this case the possession of the narcotic drugs by the defendant was the essence of the violation of this section. There was no proof of any actual purchase or that each drug was purchased in a separate transaction."

The order filed on that date provided:

"* * * that the concurrent 10-year sentences imposed upon defendant by this court on June 9, 1966 on counts two and four of the indictment at this criminal number be and the same hereby are vacated; that the consecutive 10-year sentences imposed at counts one and three, and all other provisions of said sentences, shall remain in full force and effect."

■ The defendant next argues that the portion of the *Turner* opinion which held valid the provision in 26 U.S.C. § 4704(a) providing that proof of possession shall be prima facie evidence that the possessor has violated that statute should be read as only approving the inference where the defendant was a distributor. Again, this contention is made on the basis of the large quantity of drugs which Turner possessed. Such an argument, like the previous contention, ignores direct language to the contrary in the body of the *Turner* opinion, namely:

"Moreover, even if the evidence as to possession is viewed as not in itself proving that Turner was distributing heroin, his conviction must be affirmed. True, the statutory inference, which on this assumption would assume critical importance, could not be sustained insofar as it authorized an inference of dispensing or distributing (or of selling if that act had been charged), for the bare fact of possessing heroin is far short of sufficient evidence from which to infer any of these acts. * * * But the inference of *purchasing* in or from an unstamped package is another matter. * * *

"Since heroin is a high-priced product, it would be very unreasonable to assume that any sizable number of possessors have not paid for it, one way or another." *Id.* at 421–422, 90 S.Ct. at 655 (emphasis in original).

Thus we conclude from a careful reading of *Turner* that there was no unconstitutional application of 21 U.S.C. § 174 and 26 U.S.C. § 4704(a) on this record.

■ Also, Martin argues that his commitment is illegal because the consecutive sentences imposed by the court for what he asserts to be but one transaction violate the double jeopardy provision of the Constitution. This contention must likewise be dismissed, having been specifically rejected by the Supreme Court in an identical factual situation. Harris v. United States, 359 U.S. 19, 79 S.Ct. 560, 3 L.Ed.2d 597 (1959). See, also, Gore v. United States, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958); Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Any reconsideration of the continuing efficacy of these cases, such as is suggested by the defendant, must be done by the Supreme Court of the United States.

■ Defendant's contention that the sentence imposed for unlawful possession of narcotics constitutes cruel and unusual punishment[2] and a denial of equal protection must be rejected. This question was not presented by the petition in the District Court and cannot now be argued in this court. United States v. George, 319 F.2d 77 (6th Cir. 1963); *cf.* United States v. Johnson, 359 F.2d 845 (3rd Cir. 1966).[3]

For the reasons stated, the judgment will be affirmed.

---

2. It is noted that the transcript of the sentencing proceeding disclosed previous convictions of defendant for, and his extensive participation in, narcotics traffic (N.T. 3–6). See Gore v. United States, *supra* 357 U.S. at 393, 78 S.Ct. 1280.

3. Because of our disposition of defendant's contentions on the merits, it is not necessary to discuss either whether an application under F.R.Crim.P. 35 (as opposed to one under 28 U.S.C. § 2255) is a proper way to raise several of the above-mentioned contentions made by Martin or what remedies may be available to him. The Supreme Court of the United States has made clear that appellant's objection to the charge of the District Court (pp. 5–6 of appellant's brief) may not be considered on this application under F.R. Crim.P. 35. See Hill v. United States, 368 U.S. 424, 430, 82 S.Ct. 468, 472, 7 L.Ed.2d 417 (1962), where the Court said:
"* * * as the Rule's language and history make clear, the narrow function of Rule 35 is to permit correction at any time of an illegal *sentence,* not to reexamine errors occurring at the trial or other proceedings prior to the imposition of sentence."
See, also, United States v. Morgan, 346 U.S. 502, 506, 74 S.Ct. 247, 98 L.Ed. 248 (1954).