**James G. MARTIN, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. A. No. 71-35.**

United States District Court, W. D. Pennsylvania.

June 3, 1971.

Martin Lubow, of Rosenberg & Lubow, Pittsburgh, Pa., for petitioner.

Richard L. Thornburgh, U. S. Atty., by Blair Griffith, First Asst. U. S. Atty., Pittsburgh, Pa., for respondent.

## OPINION AND ORDER

MARSH, Chief Judge:

The matter before the court is a motion to vacate sentence pursuant to Title 28 U.S.C. § 2255. The petitioner, James G. Martin, was indicted in four counts for violations of § 174 of Title 21 U.S.C. and § 4704(a) of Title 26 U.S.C. At the trial held on June 8, 1966, a jury found the petitioner guilty as charged in all four counts. He was sentenced June 9, 1966, to two concurrent terms of 10 years under counts one and two, and to two concurrent terms of 10 years under counts three and four. The sentences imposed on counts three and four were to run consecutively with the sentences imposed on counts one and two. The petitioner's conviction was affirmed on appeal, United States v. Martin, 386 F.2d 213 (3d Cir. 1967) and certiorari was denied by the United States Supreme Court, Martin v. United States, 393 U.S. 862, 89 S.Ct. 142, 21 L.Ed.2d 130 (1968).

Subsequently, on February 20, 1969, the petitioner filed a motion under Rule 35, Fed.R.Crim.P. for correction of sentence. After hearing, the concurrent 10 year sentences imposed on counts two and four of the indictment were vacated. United States v. Martin, 302 F.Supp. 498 (W.D.Pa.1969). This judgment was affirmed on appeal, United States v. Martin, 428 F.2d 1140 (3d Cir. 1970), certiorari was denied, 400 U.S. 960, 91 S.Ct. 361, 27 L.Ed.2d 269 (1970).

The petitioner in his present motion and two amendments thereto has alleged several grounds for vacating his sentence. We believe that his allegations are without merit, and his motions will be denied.

In his present motion, the petitioner has asserted that he was mentally incompetent due to his use of drugs at the time of his arraignment, plea, trial and sentencing. The records and files of this case show that on June 16, 1966, seven days after sentencing, a hearing was held on a Motion for Admission to

Bail. At this bail hearing, a nurse who was employed at the Allegheny County Jail, where the petitioner was incarcerated, testified that there was never any request from the petitioner for withdrawal treatment (Tr., p. 16).

At the same hearing the Probation Officer, Andrew B. Buckley, testified that he interviewed the petitioner on the same day and asked him if he was receiving any help for his narcotic addiction. Mr. Buckley stated (Tr., pp. 43–44):

"* * * [Martin] indicated that he had cured himself before he came to trial or was committed to the jail. He did admit or state that he was in some pain as a result of an infection on his hand."

The petitioner never complained to Mr. Buckley of having withdrawal symptoms. In addition, petitioner's then counsel argued at the bail hearing (Tr., p. 46):

"The evidence introduced and made available by the Government indicates that he is no longer addicted, and he apparently no longer has this problem, so the rationale of his having to go back into the peddling business isn't a logical conclusion at this stage. In fact, the Government has effectively proven this for us."

And at page 47 of the transcript, his counsel again stated:

"We have substantially proven that he is no longer subject to addiction * * *".

Although it was our opinion that at the time the petitioner's current motion under § 2255 was filed that the record above mentioned conclusively showed that the petitioner was not entitled to relief, he made strong allegations in his first amendment to the motion. He alleged in this amendment that he received some treatment for drug poisoning, and he named three witnesses that knew that he was under drugs daily while he was out on bail awaiting trial. We also note in passing that the petitioner stated in his amendment that he

did not receive drugs or treatment for his narcotic addiction in the county prison.

We felt that, despite the record, the allegations raised disputed issues of fact and that the petitioner should be afforded an opportunity to be heard. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963).

Counsel was appointed for the petitioner and a hearing was held. At the hearing, Martin and his counsel notified the court that no evidence or testimony would be offered in support of his allegation that he was mentally incompetent due to his use of drugs at the time of his trial and sentencing.

■■■ The burden rested on the petitioner to establish by evidence his asserted mental incompetence at the time of the trial and sentencing. Johnston v. United States, 292 F.2d 51 (10th Cir. 1961), cert. denied, 368 U.S. 906, 82 S. Ct. 186, 7 L.Ed.2d 100 (1961). The petitioner offered no specific evidence of his mental incompetence at the time of trial or sentencing or any evidence that he did not have sufficient ability to consult with his lawyer or that he did not have a rational and factual understanding of the proceedings against him. Neither did he offer any evidence of his own use of narcotics immediately before or during trial nor any evidence of deprivation which might have caused withdrawal symptoms during trial and sentencing.

We, therefore, now hold that the motions, records and files of this case conclusively show that the prisoner is entitled to no relief.

The petitioner by his counsel argued: (1) he had no knowledge as to whether or not the narcotics (heroin and cocaine) in his possession had been imported into the United States, and (2) the imposition of consecutive sentences based on a single act of possession is violative of the prohibition against double jeopardy. Both of these issues have been heretofore raised and decided adversely to the petitioner. United States

v. Martin, 428 F.2d 1140 (3d Cir. 1970), cert. denied, 400 U.S. 960, 91 S.Ct. 361, 27 L.Ed.2d 269 (1970).

Likewise, the petitioner's contention that the circumstances of his arrest were such as to deny him his rights under the Fourth and Fourteenth Amendments to the United States Constitution has heretofore been raised and was also decided against him. United States v. Martin, 386 F.2d 213 (3d Cir. 1967), cert. denied, 393 U.S. 862, 89 S.Ct. 142, 21 L.Ed.2d 130 (1968).

██ Petitioner further alleged that due to drugs, he was unable to form a criminal intent and lacked the required mental capacity to conform his conduct to the requirements of the laws which he violated. This allegation is without merit. An alleged insanity at the time of the commission of a crime cannot be used as a basis for a motion to vacate under § 2255. Falu v. United States, 308 F.Supp. 1051 (S.D.N.Y.1969), affirmed *per curiam*, 421 F.2d 687 (2d Cir. 1969); Taylor v. United States, 282 F.2d 16 (8th Cir. 1960). In any event the petitioner at the hearing failed to offer any evidence to sustain this allegation. While petitioner's addiction may have been a fact, standing alone, it was not an exculpatory fact. United States v. Freeman, 357 F.2d 606, 625 (2d Cir. 1966).

██ Next, the petitioner seeks to invoke the Eighth Amendment and contends that it is cruel and unusual punishment to imprison a narcotics addict who at the time he committed the crime was suffering from addiction and who possessed the drugs for his personal use. The short answer to this contention is that the petitioner was not punished for that reason, but because he concealed and facilitated the transportation of illegally imported heroin and cocaine in violation of Title 21 U.S.C. § 174, and because he dispensed and purchased heroin and cocaine not in the original stamped package, contrary to Title 26 U.S.C. § 4704(a). The 10 year consecutive sentences were imposed because his previous convictions for engaging in the drug traffic and his reputation as a high-level "pusher" who had to support a drug addiction were convincing that he was a menace to the community. As stated in United States v. Wallace, 269 F.2d 394 at 398 (3d Cir. 1959):

" * * * [I]t is settled law that the fixing of penalties for crimes is a legislative function. A sentence within the limits prescribed by law for an offense will not ordinarily be regarded as cruel or unusual or excessive punishment. * * * The penalty called for by the statute was within the power of the Congress to establish. It is not for the courts to disturb."

See also: United States v. Kellerman, 432 F.2d 371 (10th Cir. 1970); Hutcherson v. United States, 120 U.S.App.D.C. 274, 345 F.2d 964 (1965); Jones v. United States, 323 F.2d 864 (10th Cir. 1963); Smith v. United States, 273 F.2d 462 (10th Cir. 1959).

██ Petitioner's final allegation is that the Assistant United States Attorney made a prejudicial remark in his closing argument to the jury during the trial to the effect that if petitioner were permitted to go free he might sell some more drugs. Since this is allegedly a trial error, it should have been raised on appeal; it is firmly established that the remedy prescribed by a motion under § 2255 cannot be used to serve the function and purposes of an appeal. Holt v. United States, 303 F.2d 791 (8th Cir. 1962); Adams v. United States, 95 U.S. App.D.C. 354, 222 F.2d 45 (1955); Taylor v. United States, 177 F.2d 194 (4th Cir. 1949).

██ In any event the proof of petitioner s guilt at his trial was overwhelmingly established by undisputed direct evidence, aided by the statutory presumptions. If the prosecutor's remarks were error, it was harmless beyond a reasonable doubt and may be disregarded. Harrington v. California, 395 U.S.

250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969).

The petitioner's motion and amended motions to vacate sentence will be denied.

An appropriate order will be entered.