James G. MARTIN, Appellant,

v.

UNITED STATES of America.

No. 71–1952.

United States Court of Appeals,
Third Circuit.

Submitted June 19, 1972 Under Third
Circuit Rule 12(6).

Decided June 28, 1972.

James G. Martin, pro se.

Richard L. Thornburgh, Blair A. Griffith, Asst. U. S. Atty., Pittsburgh, Pa., for appellee.

Before ALDISERT, JAMES ROSEN and HUNTER, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

This appeal from a motion to vacate sentence pursuant to 28 U.S.C. § 2255 represents the third proceeding in this court brought by appellant, convicted of four counts for violations of 21 U.S.C. § 174 and 26 U.S.C. § 4704(a). After the conviction was affirmed on appeal, United States v. Martin, 386 F.2d 213 (3d Cir. 1967), cert. denied, 393 U.S. 862, 89 S.Ct. 142, 21 L.Ed.2d 130 (1968), appellant moved, under F.R.Crim.P. 35, for correction of the sentence. Following a hearing, the concurrent sentences imposed on counts 2 and 4 were vacated. United States v. Martin, 302 F.Supp. 498 (W.D.Pa.1969), aff'd, 428 F.2d 1140 (3d Cir.), cert. denied, 400 U.S. 960, 91 S.Ct. 361, 27 L.Ed.2d 269 (1970).

In this appeal from the denial of his motion to vacate sentence, appellant contends (1) that he was under the influence of narcotics at the time of his arrest, and was incapable of formulating the criminal intent necessary to commit the offenses charged, and (2) that due to the effects of narcotics, he was mentally incompetent at the time of his trial and sentencing.[1]

1. Appellant also rehearses those arguments which were rejected by this court

in his previous appeal, viz., that the sentence imposed for unlawful possession of

We have carefully considered all of the contentions presented by appellant, and have concluded that there was a proper disposition by the district court in the well reasoned opinion of Chief Judge Marsh, 327 F.Supp. 126 (W.D. Pa.1971). Judge Marsh noted that at appellant's bail hearing, appellant introduced no evidence of drug addiction at the time of his arrest. Quite to the contrary, appellant's counsel argued at the hearing:

> The evidence introduced and made available by the Government indicated that he is no longer addicted, and he apparently no longer has this problem, so the rationale of his having to go back into the peddling business isn't a logical conclusion at this stage. In fact, the Government has effectively proven this for us.

Later, his counsel again stated:

> We have substantially proven that he is no longer subject to addiction.
>
> . . .

As for appellant's claim that he was mentally incompetent to stand trial due to the influence of drugs, Chief Judge Marsh stated:

> We felt that, despite the record, the allegations raised disputed issues of fact and that the petitioner should be afforded an opportunity to be heard. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963).
>
> Counsel was appointed for the petitioner and a hearing was held. At the hearing, Martin and his counsel notified the court that no evidence or testimony would be offered in support of his allegation that he was mentally incompetent due to his use of drugs at the time of his trial and sentencing.
>
> The burden rested on the petitioner to establish by evidence his asserted mental incompetence at the time of the trial and sentencing. Johnston v. United States, 292 F.2d 51 (10th Cir. 1961), cert. denied, 368 U.

S. 906, 82 S.Ct. 186, 7 L.Ed.2d 100 (1961). The petitioner offered no specific evidence of his mental incompetence at the time of trial or sentencing or any evidence that he did not have sufficient ability to consult with his lawyer or that he did not have a rational and factual understanding of the proceedings against him. Neither did he offer any evidence of his own use of narcotics immediately before or during trial nor any evidence of deprivation which might have caused withdrawal symptoms during trial and sentencing.

327 F.Supp. at 128.

Accordingly, the judgment of the district court will be affirmed.

---

narcotics constituted cruel and unusual punishment and contravened the equal protection clause because appellant was

addicted to drugs at the time of his arrest. 428 F.2d 1140, 1143 (3d Cir. 1970).