UNITED STATES of America, Plaintiff–Appellee,

v.

Roy L. JOHNSON, Defendant–Appellant.

Nos. 91–1200, 91–1201.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 1, 1992.

Decided Feb. 16, 1993.

Jennifer Mulhern Granholm (argued and briefed), Office of U.S. Atty., Detroit, MI, for plaintiff-appellee.

William L. Spern (argued and briefed), Woodhaven, MI, for defendant-appellant.

Roy Lee Johnson, pro se.

Before: NORRIS and SILER, Circuit Judges; and EDGAR, District Judge.[*]

ALAN E. NORRIS, Circuit Judge.

Defendant, Roy Lee Johnson, appeals his jury convictions resulting from a five-count indictment. Because the overriding issue on appeal concerns his claim that the Double Jeopardy Clause of the Fifth Amendment prevents his being convicted and sentenced on two counts charging him with use of a firearm in relation to drug trafficking crimes (18 U.S.C. § 924(c)), we discuss that below. All other issues raised by the appeal are addressed in an unpublished appendix to this opinion.

On February 7, 1989, acting upon information that defendant was a felon in possession of firearms, agents of the Bureau of Alcohol, Tobacco and Firearms obtained a search warrant for defendant's residence in Detroit, Michigan. While executing the warrant, agents found a rifle, a derringer handgun, 150 Dilaudid (hydromorphone) tablets, approximately fourteen grams of cocaine, a triple-beam scale, ledgers, and a beeper.

Under Count 1 of the indictment, defendant was charged with possessing cocaine with the intent to distribute; Count 2 charged him with use of the rifle and the handgun in relation to the drug trafficking crime specified in Count 1, in violation of 18 U.S.C. § 924(c); Count 3 charged possession with intent to distribute Dilaudid; and Count 4 charged him with a second § 924(c) violation on the basis of his use of the same two firearms, in relation to the drug trafficking crime charged in Count 3. Under Count 5, defendant was alleged to be a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The jury convicted on all five counts. In sentencing defendant on Counts 2 and 4, the district court levied a term of five years' incarceration per count, totalling ten years, to run consecutively to the sentences on the other three counts.

In arguing that his two convictions under 18 U.S.C. § 924(c)(1)[1] for use of a firearm in relation to a drug trafficking crime run

---

[*] The Honorable R. Allan Edgar, United States District Judge for the Eastern District of Tennessee, sitting by designation.

1. 18 U.S.C. § 924. Penalties

 . . . .

 (c)(1) Whoever, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years. . . . Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment including that imposed for the crime of violence or drug trafficking crime in which the firearm was used or carried. . . .

afoul of the Double Jeopardy Clause,[2] defendant contends, without elaboration, that there was only a single use of the two firearms and that one use cannot be punished twice. He represents that the evidence the government must produce to obtain convictions on Counts 2 and 4 is identical.

■ It is true that the Double Jeopardy Clause protects against multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). However, when one examines this court's prior case law, it will be seen that defendant was not, as he contends, punished twice for what was really just a single violation of 18 U.S.C. § 924(c)(1).

■ Defendant was convicted of two separate and distinct predicate drug trafficking crimes. Indeed, he does not argue that his convictions for Counts 1 and 3 (possession with intent to distribute cocaine and hydromorphone, respectively) amounted to his being punished twice for the same offense. Nor could he persuasively do so, since he was charged with two distinctly different kinds of conduct which amounted to separate violations of 21 U.S.C. § 841(a). *United States v. Pope*, 561 F.2d 663, 669 (6th Cir.1977). This was not a situation where the government was charging that the same conduct violated two distinct statutory provisions. *See Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The result, then, was that in the course of obtaining convictions under § 924(c)(1) in Counts 2 and 4, the government proved two different sets of facts, since the predicate offense for Count 2 (cocaine) manifestly required proof of conduct different from the predicate offense for Count 4 (hydromorphone). Accordingly, as we pointed out in *United States v. Nabors*, 901 F.2d 1351 (6th Cir.), *cert. denied*, 498 U.S. 871, 111 S.Ct. 192, 112 L.Ed.2d 154 (1990), the Double Jeopardy Clause does not bar defendant's multiple convictions and sentences on Counts 2 and 4.

In *Nabors*, the defendant fired two shots from a rifle at a federal agent as a search warrant was being executed at defendant's residence. The search yielded cocaine and distribution paraphernalia, as well as a pistol. The defendant was convicted of assaulting a federal agent, possession of cocaine with intent to distribute, use of a firearm during a crime of violence, and use of a firearm during a drug trafficking crime. He received a five-year sentence for each of his § 924(c)(1) convictions, the ten years to run consecutively to the sentences received for the other convictions. *Nabors*, 901 F.2d at 1353–54.

This court rejected Nabors' argument that he was being punished twice for what was truly only one offense. The court pointed out that two separate and distinct predicate offenses for triggering § 924(c)(1) were charged and the proof of each required different facts. Since there was no double jeopardy bar, and nothing was evident in the statute or its legislative history providing that separate convictions should not result in separate and consecutive sentences, the court upheld both the convictions and sentences. *Id.* at 1357–59.

■ Similarly, in the instant case, the government proved that defendant used two firearms in relation to two separate and distinct drug trafficking crimes. It is of no consequence that in Count 2 as well as in Count 4 it was alleged that defendant used both the rifle and the handgun, since it is the number of predicate offenses that controls, not the number of guns. *United States v. Henry*, 878 F.2d 937, 942–43 (6th Cir.1989). *See also United States v. Sims*, 975 F.2d 1225, 1234 (6th Cir.1992), *petition for cert. filed*, Nos. 91–1363 *et seq.* (Dec. 14, 1992). Had there been only one firearm, allegation and proof of its use in both Counts 2 and 4 would have supported separate § 924(c)(1) convictions, since a firearm would have been used in relation to two separate and distinct drug trafficking

---

**2.** The Double Jeopardy Clause provides: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb."

crimes. *See Henry,* 878 F.2d at 942; *see also United States v. Privette,* 947 F.2d 1259, 1262 (5th Cir.1991) (conspiracy and drug possession charges could each support a separate § 924(c) conviction and sentence), *cert. denied,* —— U.S. ——, 112 S.Ct. 1279, 117 L.Ed.2d 505 (1992); *United States v. Fontanilla,* 849 F.2d 1257, 1258–59 (9th Cir.1988) (because murder of one person and assault of another in same episode were properly charged as separate crimes, it was permissible to charge the defendant with two separate § 924(c)(1) counts); *United States v. Chalan,* 812 F.2d 1302, 1315–17 (10th Cir.1987), (under § 924(c), multiple firearms counts are proper if the underlying multiple offenses do not constitute a "single offense" for double jeopardy purposes), *cert. denied,* 488 U.S. 983, 109 S.Ct. 534, 102 L.Ed.2d 565 (1988); *cf., United States v. Luskin,* 926 F.2d 372, 376–78 (4th Cir.) (consecutive sentences permissible under § 924(c) for use of firearm in defendant's three attempts on his wife's life), *cert. denied,* —— U.S. ——, 112 S.Ct. 68, 116 L.Ed.2d 43 (1991). A mere overlap in proof between two prosecutions does not establish a double jeopardy violation. *United States v. Felix,* —— U.S. ——, 112 S.Ct. 1377, 118 L.Ed.2d 25 (1992).

■ These cases demonstrate that the use of a single firearm can support multiple § 924(c) convictions, as long as each § 924(c) count requires proof of a distinct predicate offense. Likewise, the same two firearms can be charged in each § 924(c) count without offending double jeopardy principles. Since the predicate offenses in defendant's case required separate proofs, there was no double jeopardy bar to his convictions and sentences on Counts 2 and 4.

For the reasons stated above, and those set out in the unpublished appendix to this opinion, we affirm both the convictions and sentences.

SILER, Circuit Judge, concurring.

I concur with the majority opinion but write separately to emphasize that perhaps the issue should be revisited en banc, for this panel cannot overrule the decision of another panel of this court. *Salmi v. Secretary of Health and Human Services,* 774 F.2d 685 (6th Cir.1985).

The facts in this case are simple, as related in the majority opinion. Upon the execution of a search warrant at defendant's residence, officers found in the bedroom two firearms and two different types of controlled substances, to-wit, cocaine, listed in Count 1, and Dilaudid (hydromorphone), listed in Count 3. All the conduct charged in the indictment occurred on the same day in the bedroom. Because the drugs were different, they were listed in separate counts. The firearms were charged together but repeated as separate aggravating offenses for each of the drug offenses, in violation of 18 U.S.C. § 924(c).

If I were writing this anew, I would disagree with the majority opinion which holds that the predicate offenses listed in Counts 1 and 3 required proof of different conduct. However, this court has already decided, in *United States v. Pope,* 561 F.2d 663, 669 (6th Cir.1977), that the simultaneous possession of two distinct controlled substances with intent to distribute can be prosecuted separately and result in consecutive sentences. Other circuits have reached similar conclusions. *See, e.g., United States v. Bonilla Romero,* 836 F.2d 39, 47 (1st Cir.1987), *cert. denied,* 488 U.S. 817, 109 S.Ct. 55, 102 L.Ed.2d 33 (1988); *United States v. DeJesus,* 806 F.2d 31, 35–37 (2d Cir.1986), *cert. denied,* 479 U.S. 1090, 107 S.Ct. 1299, 94 L.Ed.2d 155 (1987); *United States v. Grandison,* 783 F.2d 1152, 1155–56 (4th Cir.), *cert. denied,* 479 U.S. 845, 107 S.Ct. 160, 93 L.Ed.2d 99 (1986); *United States v. Davis,* 656 F.2d 153 (5th Cir.1981) *cert. denied,* 456 U.S. 930, 102 S.Ct. 1979, 72 L.Ed.2d 446 (1982); *but see United States v. Martin,* 302 F.Supp. 498 (W.D.Pa.1969), *aff'd,* 428 F.2d 1140 (3d Cir.), *cert. denied,* 400 U.S. 960, 91 S.Ct. 361, 27 L.Ed.2d 269 (1970). Of course, since the adoption of the Sentencing Guidelines the issue of consecutive sentences for the simultaneous possession of two separate controlled substances may not be generally raised, as maximum sentences are so great for drug violations.

This results in concurrent, not consecutive sentences, for separate drug violations, as was the situation in this case.

The problem arises when a defendant has a single firearm in his possession and yet possesses more than one type of controlled substance, which, if charged in separate counts, will require the court to render consecutive sentences for the one firearm under § 924(c), whereas if the defendant possesses only one type of controlled substance, no matter how large a quantity, he would only have one consecutive § 924(c) sentence. *See United States v. Henry*, 878 F.2d 937, 943 (6th Cir.1989).

Therefore, although I concur in the result, as it follows current law, I find that the result is an ironic twist in the law that was never intended when Congress adopted 18 U.S.C. § 924(c).