996 F.2d 1220
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Craig A. MITRAN, Defendant-Appellant.
 No. 91-3272.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 29, 1993[1].
Decided May 21, 1993.
 
 Before CUMMINGS, CUDAHY and MANION, Circuit Judges.
 
 ORDER
 
 1
 Defendant Craig A. Mitran, appearing pro se, appeals from the denial of a second post-conviction motion to reduce his sentence pursuant to Fed.R.Crim.P. 35(b) [pre-Guidelines version].
 
 Background
 
 2
 Defendant and the government entered into a written plea agreement. The agreement included a joint recommendation to the court that defendant be sentenced to the custody of the Attorney General for one year and one day. Defendant was subsequently sentenced to five years' imprisonment on Count I, possession of six firearms by a convicted felon, and five years' probation on Count II, possession of two additional firearms by a convicted felon. 18 U.S.C. § 922(g). The sentences were to run consecutively.
 
 
 3
 Defendant filed a direct appeal, asserting a violation of due process in prosecuting him for conduct which the state led him to believe was lawful; and ineffective assistance of counsel for failure to raise the due process defense before the guilty plea was entered. On July 10, 1991, this court affirmed defendant's conviction and sentence in an unpublished order [No. 90-1316].
 
 
 4
 While the appeal was pending, defendant filed a pro se motion to reduce his sentence pursuant to Fed.R.Crim.P. 35(b), on the basis that the sentence was excessive, was beyond that contemplated by the plea agreement, and was illegally imposed as a split sentence. The district court denied the motion and no appeal was filed.
 
 
 5
 After the mandate in appeal No. 90-1316 was issued, defendant filed a second pro se motion for reduction of sentence pursuant to Fed.R.Crim.P. 35, arguing that the bases for imposing a more severe sentence than the government had recommended were invalid. The district court denied that motion and Mitran appeals.[2]
 
 Discussion
 
 6
 Defendant first contends that the district court erred in imposing consecutive sentences because the firearms offenses were multiplicitous. See United States v. Calhoun, 510 F.2d 861 (7th Cir.), cert. denied 421 U.S. 950 (1975). This issue is raised for the first time on appeal and is therefore waived. United States v. Willis, 804 F.2d 961, 963-64 (6th Cir.1986) (Rule 35 motion); United States v. Martin, 428 F.2d 1140, 1143 (3rd Cir.) (Rule 35 motion), cert. denied, 400 U.S. 960 (1970). See also United States ex rel. Cole v. Lane, 752 F.2d 1210, 1218-20 (7th Cir.1985) (habeas corpus).
 
 
 7
 Notwithstanding this waiver, we note that no error occurred where the six firearms charged in Count I were in defendant's home, and the two firearms charged in Count II were in defendant's automobile. See United States v. Calhoun, 510 F.2d at 869. See also United States v. Gann, 732 F.2d 714, 721 (9th Cir.), cert. denied, 469 U.S. 1034 (1984) (shotgun in car, rifle in residence); United States v. Oliver, 683 F.2d 224, 232-33 (7th Cir.1982) (where separate counts concern firearms stored at different locations, the counts are not multiplicitous and the court may sentence to consecutive terms); United States v. Bullock, 615 F.2d 1082, 1083-86 (5th Cir.), cert. denied, 449 U.S. 957 (1980) (guns in car, guns in home).
 
 
 8
 Second, defendant contends that the district court erred by rejecting the parties' recommended sentence and imposing a harsher sentence. The waiver rule again applies because defendant did not challenge the sentence in his direct appeal. In a Rule 35 motion, defendant is required to demonstrate that the sentence imposed was illegal. United States v. Bonansinga, 855 F.2d 476, 477-78 (7th Cir.1988).
 
 
 9
 Defendant also appears to argue that circumstances have changed.[3] First, he has pointed to no change in circumstances which were either not argued at sentencing or could have been argued at sentencing. Moreover, defendant is citing a later version of Rule 35(b) (entitled "correction of sentence for changed circumstances") which does not apply here. The version of Rule 35(b) which applies here (entitled "reduction of sentence") is the version in effect prior to November 1, 1987, when the criminal conduct for which defendant was convicted occurred. See United States v. Kalinowski, 890 F.2d 878, 882 (7th Cir.1989); United States v. Bentley, 850 F.2d 327, 328, n. 3 (7th Cir.), cert. denied, 488 U.S. 970 (1988).[4]
 
 
 10
 Moreover, even if we were to address the merits of the argument, we would find no error. Defendant has no right to a sentence in accordance with the government's recommendation. See United States v. DeCicco, 899 F.2d 1531, 1534-35 (7th Cir.1990). The written plea agreement stated that the "sentencing judge is neither a party to nor bound by this agreement and is free to impose the maximum penalties." At the sentencing hearing, the court expressly advised defendant that the recommendation was not binding on the court. Prior to accepting the guilty plea, the district court advised defendant that he faced a potential sentence of ten years' imprisonment and a $500,000 fine.
 
 
 11
 The district court has broad discretion in imposing a sentence.[5] United States v. Adamo, 882 F.2d 1218, 1232 (7th Cir.1989). The court could properly look at the factors such as defendant's criminal history[6], his attitude toward the law and toward law enforcement officers, the number of firearms involved, and the fact that several of the firearms were automatic weapons.
 
 
 12
 For these reasons, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [2]
 On September 30, 1991, defendant filed this appeal from the August 27, 1991 order. On February 20, 1992, this court remanded for the limited purpose of ruling on defendant's motion for leave to file a notice of appeal instanter. On March 19, 1992, the district court granted nunc pro tunc to September 30, 1991, defendant's motion for leave to file the notice of appeal instanter. This court then denied the government's motion to dismiss the appeal
 
 
 [3]
 Defendant discusses a "new 'since sentencing' set of circumstances," including a transcript of the sentencing hearing showing that "the 'number and nature of weapons' was of special concern to female Judge Conlon"; defendant's explanations of how he obtained the various weapons; and defendant's explanations of his "extensive brushes with the law."
 
 
 [4]
 Later versions of Rule 35(b) permit a reduction or correction of sentence upon motion of the government, and only where defendant substantially assisted the government. These criteria do not apply here
 
 
 [5]
 The criminal conduct for which defendant was convicted occurred in June 1987. Thus, the federal Sentencing Guidelines which took effect on November 1, 1987, did not apply to this sentencing
 
 
 [6]
 Defendant had previously been convicted of aggravated assault, resisting a peace officer and possession of cannabis