BOBBY JAMES CARLISLE *v.* STATE OF INDIANA.

[No. 3-574A90. Filed December 11, 1974.]

*Robert S. Bechert,* Deputy Public Defender, of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

PER CURIAM—On October 26, 1972, defendant-appellant Bobby James Carlisle was charged by affidavit with possession of a narcotic drug, to-wit: diacetyl morphine, in violation of the Uniform Narcotic Drug Act. See: IC 1971, 35-24-1-2, Ind. Ann. Stat. § 10-3520 (Burns 1956). Following trial to the court, Carlisle was found guilty as charged, ordered committed to the Indiana Department of Corrections for a period of not less than two nor more than ten years and ordered to satisfy costs. Thereafter, his motion to correct errors was overruled and this appeal was perfected.

An examination of the evidence most favorable to the State discloses that at approximately 11:00 P.M. on the evening of October 19, 1972, Officers David York and William Ned Crasper of the Police Department of the City of Fort

Wayne, Indiana, detained an automobile which appellant was driving. The officers identified themselves and informed Carlisle that they "had a federal warrant for his arrest." Appellant was subsequently requested to remove himself from the automobile and to place his hands upon it. Officer York thereupon attempted to search him. However, at such time Carlisle "reached in his coat pocket and pulled out a kleenex" which contained "a two by three inch manila envelope." Before Officer York could seize his hand, appellant threw the envelope to the rear of the automobile. The officer then walked to the rear of the vehicle, picked up the envelope and conducted a field test upon the substance which the envelope contained. The test indicated the presence of an opiate. Carlisle was thereupon placed under arrest on a preliminary charge of violation of the Indiana Uniform Narcotic Drug Act. Officer York delivered both the kleenex and envelope to the Vice Office property room where both articles were tagged for identification and placed in a property box. The property box and room were both locked. On the following morning, Captain Ernest Walter removed the envelope in question from the property box and delivered it to Sergeant Herbert F. Davis, a police department laboratory technician. Sergeant Davis analyzed the substance in the envelope and determined that it contained diacetyl morphine or heroin. Following the analysis, Sergeant Davis returned the envelope to Captain Walter who, in turn, placed it in the Vice Office safe where it remained until Captain Walter brought it to the courtroom at the time of appellant's trial.

The first issue to be considered is whether the trial court erred in admitting into evidence State's Exhibit No. 2 which comprised the envelope and its contents.

Appellant contends that his arrest was illegal for the reason that Officers York and Crasper did not have a warrant in their possession. It is asserted that the subsequent search was illegal and that the envelope and its contents should therefore have been excluded.

The envelope containing heroin was not obtained in a search incident to an arrest or otherwise. When appellant removed the envelope from his pocket and threw it over the automobile onto the ground, he abandoned it, thus making the evidence subject to lawful seizure by police. *State* v. *Smithers* (1971), 256 Ind. 512, 269 N.E.2d 874.

However, if the abandonment was precipitated by an illegal arrest or detention, this illegality would taint the abandonment, making the involuntarily abandoned property inadmissible. *Bowles* v. *State* (1971), 256 Ind. 27, 267 N.E.2d 56; *Hardin* v. *State* (1970), 254 Ind. 56, 257 N.E.2d 671.

Carlisle did not abandon the envelope until Police Officers York and Crasper had stopped him and had requested that he exit from his automobile and subject himself to a "pat down" search. Therefore, only if the stop and "pat down" search were lawful was the envelope abandoned by Carlisle property admitted in evidence against him.

The State made no effort to show probable cause for a warrantless arrest or reasonable suspicion for an investigative stop and frisk. However, Officer York testified that there was a federal warrant for Carlisle's arrest and that he informed Carlisle of this fact. Neither Officers York nor Crasper had this warrant in their possession at the time of appellant's detention.

Carlisle's contention that the arrest was illegal because the officers did not display the warrant upon stopping him is based on IC 1971, 35-1-19-2, Ind. Ann. Stat. § 9-1006 (Burns 1956), which provides as follows:

"The officer must inform the defendant that he acts under the authority of a warrant, and must show the warrant if required."

We find no violation of this statute. When he approached Carlisle after the stop, Officer York informed him that he was acting under the authority of a federal arrest warrant. The officer did not display the warrant at such time; however,

Carlisle did not request that he be permitted to view the warrant. York testified that the actual warrants were kept at the City-County lockup and were shown and read to the named person upon his arrival at the lockup with the arresting officer. IC 1971, 35-1-19-2, *supra,* requires no more.

Officers York and Crasper were also permitted to subject Carlisle to a brief "pat down" search after the valid stop. *Bryant* v. *State* (1973), 157 Ind. App. 198, 299 N.E.2d 200.

Therefore, the evidence was not abandoned after threat of illegal police activity and it must be concluded that State's Exhibit No. 2 was properly admitted.

The next issue presented is whether the State established an adequate chain of custody as to the exhibit in question.

Appellant's contention that a sufficient chain of custody was not established with regard to State's Exhibit No. 2 is based upon the assertion that the State, in order to complete the chain, was required to introduce testimony of one Sergeant Lazoff who also possessed a key to the locked property box.

The fact that Sergeant Lazoff had access to the evidence does not make it inadmissible. The State is not required to exclude every remote possibility of tampering. An exhibit is admissible if the State presents evidence establishing a complete chain of custody, which strongly suggests the exact whereabouts of the exhibit at all times. *Kolb* v. *State* (1972), 258 Ind. 469, 282 N.E.2d 541; *Butler* v. *State* (1972), 154 Ind. App. 361, 289 N.E.2d 772.

Here, the State presented evidence demonstrating an unbroken chain of custody. The admission of the heroin was, therefore, proper.

No reversible error having been shown, the judgment of conviction appealed from is affirmed.

Affirmed.

NOTE.—Reported at 319 N.E.2d 651.