JAMES R. KENDRICK *v.* STATE OF INDIANA.

[No. 2-1074A251. Filed April 8, 1975.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

LOWDERMILK, J.—Defendant-appellant Kendrick was charged with the crime of violating the 1935 Narcotic Act and after a bench trial in which he was found guilty as charged the court sentenced Kendrick to imprisonment for the indeterminate period of two to ten years.

Kendrick filed a motion to suppress evidence and after evidence was heard the court overruled the motion.

The two errors charged here are:

1. The court erred in overruling defendant's motion to suppress evidence;

2. The court erred in admitting into evidence State's Exhibits 1, 2, and 3 for the reason they were obtained as the result of an illegal search.

We shall treat these specifications as one under Ind. Rules of Procedure, Appellate Rule 8.3(A)(7).

The facts are that Indianapolis Police Officers J. C. Crawford and Officer Combs were told by an informant that Kendrick and one John Defibaugh were selling drugs in the 2600 and 2700 blocks of Northwestern Avenue, Indianapolis, near a poolroom and Billy's Lounge, which was in the 2600 block. The informant advised the officers the appellant and

his companion were in a 1973 Ford Torino two-door sedan. He also gave them the color and the license plate number.

Officer Crawford and a fellow officer directed their search for the two men to the parking lot at the rear of Billy's Lounge and there they found Defibaugh at the wheel and the defendant in the passenger's seat and Officer Crawford recognized Kendrick. The officers parked between two cars and after about five minutes Kendrick and Defibaugh started to get out of their car. The police officers then got out of their car and approached them. Crawford came up behind Kendrick, who was then leaning back into the car he had left and when Crawford was within about five feet of him, Kendrick raised up, recognized Crawford and then threw a matchbook cover to the ground. Crawford retrieved the match cover and determined it contained three tinfoil packets which Crawford suspected to contain heroin. A field test then verified that the packets did contain heroin. Kendrick was promptly placed under arrest for the offense for which he was later charged and tried. More heroin packets were found on the floor of the car in a plastic bag.

Appellant urges the court erred for the reason the only evidence that could bear upon the arrest was the word of an informant that defendant and another were dealing in the parking lot of a tavern and the statement of the arresting officer that as he approached the defendant the defendant threw a matchbook cover to the ground and that three tinfoil packets fell out of the matchbook cover. He further urges that the officers did not have a warrant for defendant's arrest nor a warrant to search the car in which he was riding.

Police officers have power to arrest for such a felony without a warrant and to search the defendant and the car if they have reasonable grounds to believe that he had committed a felony. In *Capps* v. *State* (1967), 248 Ind. 472, 474, 476, 229 N.E.2d 794, our Supreme Court said:

> "It is settled law that the search of an automobile is legal if made incidental to a lawful arrest. [Cases cited omitted.]

* * *

> It has long been held in Indiana that a peace officer may arrest a suspect without a warrant when he has reasonable and probable cause for believing that a felony is being, or has been committed by the person arrested. [Cases cited omitted.] . . . A police officer may base his belief that there is reasonable and probable cause for arresting a person on information received from another. . . ." See also *United States* v. *Duke* (1966), 369 F.2d 355; *Durrett* v. *State* (1966), 247 Ind. 692, 698, 219 N.E.2d 814.

From the facts above stated, we know that Officer Crawford and another, minutes prior to the arrest, were told by an informant where the defendant would be with his drugs, the make, model and color of a car, together with the license number, which would be used. Further, the informant was reliable because he had given the Indianapolis Police information in the past, of which three or four times had resulted in convictions and several times had resulted in arrests in cases then pending in the Municipal Courts of Marion County.

There was ample information constituting probable cause for defendant's arrest without a warrant.

Further, Kendrick can not be heard to complain about the search of the automobile, as our Supreme Court said, in *Manson* v. *State* (1967), 249 Ind. 53, 55, 229 N.E.2d 801:

> "It is undisputed that a search of a car without warrant after a lawful arrest of the one in possession is not *constitutionally interdicted*. [Cases cited omitted.]
>
> . . . we may say appellant Manson has no standing to ask that the evidence obtained in the search of the car be suppressed, since she did not own it, and was not in possession or control of it. 25 I.L.E., *Search & Seizure*, § 5, p. 417." (Original emphasis.)

In the case at bar Kendrick did not own the car, was not in control thereof, and has no standing to object to the search of the same. On the other hand, the heroin found in the plastic bag in the car was not offered into evidence.

Kendrick objects to the admission into evidence of State's Exhibit 1 which was a brown paper bag in which the officers had placed State's Exhibits 2 and 3 and was not a part of the evidence seized by the officers. State's Exhibit 2 consisted of three tinfoil packets containing heroin. State's Exhibit 3 was a matchbook cover in which the three tinfoil packets containing heroin were contained when thrown to the ground by Kendrick.

When Kendrick threw away Exhibits 2 and 3, the same being the tinfoil packets containing heroin and the matchbook cover, after Kendrick had recognized Officer Crawford and before Officer Crawford had approached him, he abandoned the property. *Hardin* v. *State* (1970), 254 Ind. 56, 257 N.E. 2d 671; *United States* v. *Martin* (3rd Cir. 1967), 386 F.2d 213.

In *Glenn* v. *State* (1972), 154 Ind. App. 474, 290 N.E.2d 103, 106, this court stated:

> " '. . . Defendant's voluntary act of throwing the packets . . . [into the grass] must be deemed an abandonment of his interest therein. [Cases cited omitted.], and therefore subject to the Government's appropriation. *Abel* v. *United States*, 362 U.S. 217, 241, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960). Once the packets were identified the officers were warranted in believing that a felony was being committed.' *United States* v. *Martin, supra,* 386 F.2d at 215."

State's Exhibits 1, 2, and 3 were not obtained as a result of an illegal search.

Finding no reversible error the judgment is affirmed.

Robertson, C.J. and Lybrook, J., concur.