**Ronnie GIPSON, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 882S294.

Supreme Court of Indiana.

Feb. 9, 1984.

Kenneth T. Roberts, Wilson, Roberts & Watkins, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Following a trial by jury, the Defendant (Appellant) was convicted on two counts of Possession of a Controlled Substance, a class D felony, Ind.Code 35–48–4–7 (Burns

1979), Carrying a Handgun without a License, a class A misdemeanor, Ind.Code 35–23–4.1–3 (Burns 1979), and found to be an Habitual Offender, Ind.Code 35–50–2–8 (Burns Supp.1983). He was sentenced to a total of thirty-six (36) years imprisonment.

His direct appeal presents only one issue for review: whether sufficient evidence exists to sustain his conviction.

The record disclosed that on June 10, 1980, at approximately 6:00 p.m., Officer Terry Hall of the Indianapolis Police Department was on a routine patrol driving south on Pennsylvania Street. As he prepared to stop at a traffic light, he observed the Defendant and Michael Ball standing on the street corner, facing each other. The Defendant was standing with his back to the Officer and was holding a brown sack in which his right hand was placed. Officer Hall observed Ball speak to the Defendant, who turned towards Hall and looked in his direction but then abruptly turned away.

Officer Hall was familiar with the area and knew it to be one of heavy traffic in illicit drugs. He suspected that a drug transaction was taking place and made a radio call to a fellow officer who was nearby. Officer Hall then stepped out of his automobile, said "hold it," identified himself as a police officer, and told the Defendant to drop the sack. Ball put his hands up immediately and did not move, but the Defendant moved in the direction of a nearby parked car and threw the sack. Hall heard a metallic sound as the sack hit the side of the car and then the concrete pavement. Hall drew his revolver, told the Defendant to halt, and noticed that the Defendant still clutched an object in his right hand. As the Defendant moved, Hall heard a "(plastic) sound hit the ground" and then saw a plastic vial rolling near Defendant's right foot. A stolen revolver was found inside the sack on the pavement, and a palm print on the sack matched a palm print taken from the Defendant. Laboratory tests revealed that the vial contained pentazocine (talwin) and cocaine.

Defendant argues that evidence introduced at trial, the gun and the vial containing cocaine and talwin as well as all testimony regarding them, should have been suppressed, in that they were the products of an illegal stop, that without such evidence his conviction would not be sustained, and that the failure to suppress the evidence was fundamental error.

■ We first note that Defendant made no motion to suppress this evidence, made no objection to the presentation or admission of it at trial, and did not assign the introduction of the evidence as error in his Motion to Correct Errors. In order to preserve error for review, timely and adequate objection must be made at trial. *Brown v. State*, (1981) Ind., 417 N.E.2d 333, 338; *Harrison v. State*, (1972) 258 Ind. 359, 362, 281 N.E.2d 98, 99. It is only when the record discloses blatant violations of basic and elementary principles, and the harm or potential for harm cannot be denied, that this court will review an issue not properly raised and preserved. *Webb v. State*, (1982) Ind., 437 N.E.2d 1330, 1332. We do not agree with Defendant's argument that the admission of the evidence was fundamental error. *Lacy v. State*, (1982) Ind., 438 N.E.2d 968, 970; *Nelson v. State*, (1980) Ind., 409 N.E.2d 637, 638.

■ Had the Defendant objected, the evidence would, nonetheless, have been properly admitted. When the Defendant threw the vial and sack to the ground, the items were subject to lawful seizure by the police. *State v. Smithers*, (1971) 256 Ind. 512, 515, 269 N.E.2d 874, 876; *Kendrick v. State*, (1975) 163 Ind.App. 555, 559, 325 N.E.2d 464, 467; *Carlisle v. State*, (1974) 162 Ind.App. 396, 399, 319 N.E.2d 651, 652. Only if the abandonment had been precipitated by an illegal detention would the property have been rendered inadmissible evidence. *State v. Smithers*, 256 Ind. at 515, 269 N.E.2d at 876; *Bowles v. State*, (1971) 256 Ind. 27, 31, 267 N.E.2d 56, 59; *Hardin v. State*, (1970) 254 Ind. 56, 59, 257 N.E.2d 671, 673.

The Fourth Amendment of the Constitution prohibits unreasonable searches and seizures; therefore, an investigatory on-the-street stop by a police officer must be reasonable in light of all of the circumstances. *Williams v. State*, (1974) 261 Ind. 547, 550, 307 N.E.2d 457, 459; *Luckett v. State*, (1972) 259 Ind. 174, 180, 284 N.E.2d 738, 741. To justify a warrantless intrusion, the police officer need not have probable cause to make an arrest, but must "point to specific and articulable facts which, taken together with rational inferences from those facts," reasonably warrant intrusion upon an individual's right of privacy. *Terry v. Ohio*, (1968) 392 U.S. 1, 22; 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889, 906; *Rutledge v. State*, (1981) Ind., 426 N.E.2d 638, 641. If facts known by the police at the time of the "stop" are such that a man of reasonable caution would believe that the action taken was appropriate, the command of the Fourth Amendment is satisfied. *Terry v. Ohio*, 392 U.S. at 22, 88 S.Ct. at 1880, 20 L.Ed.2d at 906; *Lawrence v. State*, (1978) 268 Ind. 330, 333, 375 N.E.2d 208, 210.

Defendant's behavior upon seeing Officer Hall, justified the investigatory stop. When Defendant saw Officer Hall he abruptly turned away. As Hall got out of his automobile, the Defendant turned toward him holding the sack with his left hand while his right hand appeared to be holding something within the sack. The Defendant started moving toward a parked car and "made a motion with the sack toward the window" of the car; Officer Hall then heard a metallic sound. The Defendant ignored the Officer's command to halt, complained of being harassed, and "made a dip movement with his hand." Officer Hall heard a sound as an object hit the ground and then saw a plastic vial rolling near the Defendant's right foot.

Defendant's unusual conduct could reasonably have caused an experienced police officer to infer that "criminal activity has been, is being, or is about to be committed" as required by Ind.Code 35–3–1–1 (Burns 1979) (repealed) regarding the circumstances which permit an investigatory stop. Officer Hall testified that he had been a police officer in Indianapolis for approximately thirteen (13) years and that he was quite familiar with the area that he was patrolling on June 10, 1980, in that he had spent two and one-half years as an undercover agent investigating for prostitution and narcotics in that sector. He further testified that the area was "heavily ladened in narcotics."

In *Terry v. Ohio*, (1968) 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889, the Supreme Court upheld the legality of the investigatory stop of Terry by a police officer who had observed the defendant and another man repeatedly walk back and forth in front of a store window, peer in the window, and then confer with each other. The officer suspected the two of contemplating a robbery and stopped them.

In *Rutledge v. State*, (1981) Ind., 426 N.E.2d 638, a deputy sheriff stopped a pick up truck which was traveling at 5:00 a.m. on a country road in an overly cautious manner. The truck contained a riding mower, and the officer had a vague recollection of reports of recent lawn mower thefts. This Court held that the stop did not constitute an unreasonable detention in violation of the Fourth Amendment.

Factually, the case at bar is quite similar to *Hardin v. State*, (1970) 254 Ind. 56, 257 N.E.2d 671, in which patrolling officers observed a group of men drinking in and around a vacant house. As the officers approached to investigate, the appellant therein threw a small white coin envelope which contained marijuana into some weeds. This Court concluded that the police conduct which preceded the abandonment of the package containing marijuana was legitimate and did not amount to an arrest and that consequently, the evidence was admissible at trial. *Id.* at 60, 257 N.E.2d at 673.

The Defendant relies upon *State v. Smithers*, (1971) 256 Ind. 512, 269 N.E.2d 874, in which this Court upheld the trial court's suppression of an envelope containing marijuana which the Defendant had

tossed out the window of an automobile when it was stopped by police officers. The Court determined that the State did not show, at the hearing on the motion to suppress, that the police were justified in stopping the car initially. *Smithers* can be distinguished from the case at bar because in *Smithers* the officers involved did not testify at the suppression hearing and thus did not "point to specific and articulable facts" which along with rational inferences therefrom would justify the investigatory stop. In the case at bar, however, Officer Hall did articulate his reasons for the stop. After examining those facts and the reasonable inferences which can be drawn from those facts, we conclude that the investigatory stop was justified.

■ Because the investigatory stop was lawful, the abandoned evidence was admissible at trial. With the proper admission of those items of evidence, the evidence was sufficient to sustain the convictions, inasmuch as there was substantial evidence of probative value as to every element of the crimes charged. *Loyd v. State*, (1980) 272 Ind. 404, 398 N.E.2d 1260, 1264, *cert. denied*, 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

We find no reversible error. The judgment of the trial court is affirmed.

All Justices concur.