**Tome J. HAILEY, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 82S00–8612–CR–1041.

Supreme Court of Indiana.

April 29, 1988.

▮▮▮▮

Dickson, J., concurred in result without separate opinion.

DeBruler, J., dissented with separate opinion in which Shepard, C.J., concurred.

Terry A. White, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Burglary, a Class C felony, for which he received eight (8) years, enhanced by thirty (30) years by reason of his status as an habitual criminal, and Theft, a Class D felony, for which he received four (4) years.

The facts are: On September 20, 1985, the Commerce Insurance Agency in Evansville, Indiana, was burglarized. During the police investigation of the burglary, it was discovered that appellant's fingerprints were on the window where entrance was accomplished, and there was one identifiable fingerprint on a cash box inside the agency. When police eventually learned it was appellant's fingerprints they had found at the scene of the crime and that he had recently been released from the State Prison at Michigan City after serving time for a prior burglary conviction, they attempted to locate appellant.

On November 8, 1985, prior to beginning his patrol of the Evansville business district, Officer Gary Vogel was instructed by Officer Ted Mattingly that if he encountered appellant to arrest him on suspicion of burglary. Later, at approximately 1:30 a.m., as Officer Vogel was on patrol, he observed a person walking down the street in the business district. He testified that he did not recognize appellant at that time, but he did notice he was acting suspiciously. When appellant noticed that the officer was watching him, he changed direction and increased his speed. The officer stopped appellant and asked him for identification. When appellant identified himself as Tome Hailey, Officer Vogel realized he was the person Officer Mattingly had said he wanted arrested. The officer then con-

ducted a search of appellant for his own safety. The search disclosed that appellant had two screwdrivers, an old National Bank money bag, a flashlight, and a .25 caliber semiautomatic handgun.

Appellant was taken to the police station where the *Miranda* warnings were read to him and he signed a waiver of rights form. He at first denied participation in the burglary at the Commerce Insurance Agency. However, when he was informed that his fingerprints were found at the scene, he admitted the burglary. Following that confession, Officer Earl Chapman advised appellant that if he confessed to committing other burglaries he probably would not be charged with those additional burglaries, but if the officers later discovered that he had in fact been involved in other burglaries, he would be charged with them. Appellant then gave a second confession in which he admitted to several burglaries in the Evansville area.

Appellant claims the court erred in overruling his motion in limine as to the objects found on his person at the time of his arrest and police contact with him on the date of his arrest. Appellant bases this contention on the fact that Officer Vogel did not know the identity of appellant at the time he saw him walking on the street and his actions were not sufficient to give Officer Vogel cause to justify an investigative stop. If the combination of time and place and the actions of the person in question "at the time of the 'stop' are such that a man of reasonable caution would believe that the action taken was appropriate, the command of the Fourth Amendment is satisfied." *Gipson v. State* (1984), Ind., 459 N.E.2d 366, 368.

◼ The action of appellant in the case at bar is very similar to the action of Gipson in that case. There is sufficient evidence in this record to justify Officer Vogel in making the initial investigatory stop. Once the stop had been accomplished and Officer Vogel learned the identity of the subject, the officer was justified in conducting a search of appellant for his own safety. *Jones v. State* (1985), Ind., 472 N.E.2d 1255. Even if the objects taken from ap-

pellant only inconclusively connect him with the crime under investigation, the question goes to the weight of the evidence not its admissibility. The weight to be given such evidence is for the determination of the jury. *Id.* We see no reversible error in the admission of the testimony of Officer Vogel as to his stopping and eventually arresting appellant or of his testimony as to the objects taken from appellant's person.

Appellant claims the trial court erred in overruling his motion to suppress any and all oral and written communications, confessions, statements, admissions, or tests obtained by the police as a result of his arrest. He bases this contention upon the premise that his stop, search, and arrest were all unlawful. As above stated, we find that the stop, search, and arrest were all lawful. This coupled with the fact that appellant was properly given the *Miranda* warnings before any interrogation commenced renders his subsequent confessions admissible.

◼ Appellant further complains that his confession was in detrimental reliance upon a promise of leniency later violated by the prosecutor's office. As pointed out in the statement of facts, appellant had already confessed to the burglary of the Commerce Insurance Agency before any promise was made to him by a police officer. It was only after that confession that the police officer suggested to appellant that if he cleared up other burglaries which he might have committed in Evansville he would probably not be prosecuted on those additional burglaries. It was then that appellant made his second confession. The promise made by the police officer was in fact carried out in that appellant was prosecuted only for the burglary of the Commerce Insurance Agency.

No promises were made concerning habitual criminal charges. In fact, the subject was not discussed. We would further point out that being an habitual criminal is a status and not an offense. The fact that appellant has several prior felony convictions places him in that status and subjects him to the possibility of an enhanced sen-

tence on any felony which he may commit including the case at bar. We find no deprivation of constitutional rights in this regard.

■ Appellant also claims the court erred in permitting testimony concerning statements he made as to where he was headed on the night of his arrest and whether the gun he was carrying was loaded. These were all matters which verified the authenticity of his confession and were admissible to be weighed as all other facts by the jury.

Appellant claims the court erred in overruling his motion to dismiss the habitual criminal count. His claim here is based upon the premise that such a charge was a violation of the promise made to him by a police officer. Pursuant to what we have said previously in this opinion, we find no error in the court's refusal to dismiss the habitual criminal count.

■ Appellant claims the court erred in overruling his motion for mistrial on the ground that his witnesses, Kelly Hailey and Ruth Dunbar, both alluded to the fact that he had just returned to Evansville from Michigan City, Indiana. Appellant argues that the jury could deduce from this that he had recently been released from prison. In the first place, we point out that both of these witnesses were appellant's witnesses, Kelly Hailey being his wife. The evidence to which appellant now complains was elicited from the witnesses on direct examination by appellant. The witnesses did not mention the State Prison but only the town of Michigan City. Under the circumstances, we do not perceive the trial court abused its discretion in refusing the motion for mistrial.

■ Appellant claims the trial court erred in overruling his motion for mistrial based upon the fact that some of the jurors were excused by the court prior to the *voir dire* examination. Both by statute, Ind. Code § 33-4-5.5-15, and case law, *Lytle v. State* (1987), Ind., 503 N.E.2d 1222, the trial court has discretionary authority to excuse prospective jurors. It is clearly demonstrated from the record in the in-

stant case that the judge did not abuse his discretion in this regard. Practical experience in the trial of jury cases demonstrates that in almost every case the trial judge finds it necessary to excuse some prospective veniremen for various legitimate reasons. There was no reversible error in this regard.

■ Appellant also claims the court erred in not granting his motion for mistrial for the reason that two of the jurors were taking notes during the trial. This situation was first discovered at the hearing on the habitual criminal phase of the trial. At that time, the trial judge interrogated, separately and apart from the other jurors, each juror who had taken notes. Juror Koehler testified that he did not refer to his notes during deliberations nor did he convey their content to any other juror. Juror VanDyne stated that he did review his notes and that he did discuss them with other jurors. Although the notes of the jurors did indicate their awareness of the fact that appellant had been in prison in Michigan City, the trial court found that there was no impermissible interference with the jury process. The granting of a motion for mistrial is at the discretion of the trial court. *Coleman v. State* (1986), Ind., 490 N.E.2d 325.

Absent a clear showing of error, the trial court's decision will not be reversed on appeal. We see no demonstration in this record that the taking of notes by the jurors placed appellant in such grave peril that the trial judge would have been justified in granting a motion for a new trial. *See Morgan v. State* (1981), 275 Ind. 666, 419 N.E.2d 964. The question of grave peril is to be determined by considering the probable persuasive effect of the misconduct on the jury's decision, not by the degree of impropriety of the conduct. *Asbell v. State* (1984), Ind., 468 N.E.2d 845. We see nothing in the record before us to indicate an abuse of discretion by the trial judge.

The trial court is affirmed.

PIVARNIK, J., concurs.

DICKSON, J., concurs in result without separate opinion.

DeBRULER, J., dissents with separate opinion in which SHEPARD, C.J., concurs.

DeBRULER, Justice, dissenting.

According to the testimony of Officer Vogel, he was patrolling at 1:30 a.m. in a squad car, travelling east in a business district, when he saw a young black male walking east on the sidewalk. The officer slowed and according to his testimony, ".. we both kept looking at each other until I got on by, and it seemed strange, so I pulled off two blocks up and pulled off the side of the road and backed my car out to see where he was going and I couldn't see him any longer. The next thing I saw him was, he was coming out of Lloyd's Ice Cream lot ..". During the time required for the officer to continue on down the street, stop and look back, and then retrace the same distance, the young man had somehow and in some manner turned around and had headed in the opposite direction, and was walking down the sidewalk at a more brisk pace. The officer did not recognize him or know anything more about him. Armed only with these observations, the officer stopped him and demanded identification. In so doing, the officer intruded upon the privacy of an individual in a manner inconsistent with the requirement of reasonableness in the 4th Amendment and Article 1, Sec. 11 of the Indiana Constitution. The young man's behavior was not such as would lead a man of reasonable caution to believe that the police action was appropriate. *Gipson v. State* (1984), Ind., 459 N.E.2d 366. Consequently, constitutional error occurred when the items seized from the young man during the pat down there on the street, and the confession he later gave at the police station, being the product of the unlawful action and unjustified by proof that they were not "fruit of the poisonous tree", were admitted over objection at trial. Moreover, the two screwdrivers, old money bag, and automatic were irrelevant to the charged burglary, regardless of the illegality of the stop or arrest.

SHEPARD, C.J., concurs.