Carmelo **SERANO**,
Appellant–Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 82A01–8910–CR–420.

Court of Appeals of Indiana,
First District.

June 14, 1990.

---

Terry A. White, Evansville, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Carmelo Serano (Serano) appeals his conviction of Dealing in Cocaine in Excess of Three (3) Grams,[1] a class A felony, and Conspiracy to Deal in Cocaine in Excess of

---

1. *See* IND.CODE § 35–48–4–1.

Three (3) Grams,[2] a class A felony, and the sentence he received. We affirm.

## FACTS

The facts most favorable to the trial court's verdict indicate that in early 1989, Serano was living in Evansville, Indiana at the home of Darrell Watkins (Watkins). The men had met while both were inmates at the Vanderburgh County Jail. Serano traveled to Florida and returned to Watkins' home with a quantity of cocaine. Watkins telephoned Karen Mitchell (Mitchell) and asked her whether she would like to purchase some of the cocaine. Mitchell notified the Evansville Police of Watkins' call, and agreed to act as an informant. Under police surveillance, Mitchell made two controlled purchases of cocaine from Serano. After the second sale had been completed, Watkins was arrested.

Watkins cooperated with the police, and told them that Serano had supplied him the cocaine and that he had given Serano some of the money from Mitchell's first buy. Watkins then gave the police permission to search his home. When the police arrived at Watkins' home, Serano was found inside one of the bedrooms. Officer James Allison asked Serano for some identification, and Serano claimed that because his wallet had been lost or stolen, he could not produce any identification. He gave Officer Allison a false name. Serano was placed under arrest, advised of his *Miranda*[3] rights, and taken to the police station.

Once at the station, Serano was again advised of his rights and asked his identity. Serano continued to give false names and indicated that he had previously been in the Vanderburgh County Jail. Serano eventually gave his real name, and was "booked".

The police officers who searched Watkins' house found Serano's wallet under a bed. Inside the billfold was a large amount of money. The serial numbers of some of the money matched the numbers on the money that had been photocopied and given to Mitchell for her purchases of cocaine. After the "buy money" was recovered, it was placed back in a fund to be used in future drug cases.

Serano was charged by information with one (1) count of conspiracy to deal cocaine and two (2) counts of dealing in cocaine. A jury trial was held on May 25 and 26, 1989. The jury returned a verdict of guilty on one count of dealing in cocaine and of one count of conspiracy to deal in cocaine.[4] Serano was sentenced to fifty (50) years imprisonment on each count, such sentences to be served concurrently.

Serano now appeals his conviction and sentence. Additional facts will be added as necessary to our discussion.

## ISSUES [5]

We have restated Serano's issues on appeal as follows:

---

2. *See* IND.CODE § 35–41–5–2; § 35–48–4–1.

3. *Miranda v. Arizona* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

4. The jury was unable to reach a verdict on the third charge, and this count subsequently was dismissed on motion of the State.

5. The State urges us to hold that due to insufficient objections at trial, Serano has waived several of these issues on appeal. In order to preserve error for review, a defendant must object to the introduction of challenged evidence at trial and specify the grounds upon which the objection is made. *Abner v. State* (1985), Ind, 479 N.E.2d 1254, 1259.

In the present case, Serano objected to the introduction of photocopies of the buy money at trial "for reasons that we have previously stated in our motion and we would like to show that to be a continuing objection." Record at 198.

Serano made similar objections to the admission of other evidence. *See* Record at 243, 255. We note that generally such an objection is insufficient to preserve error for appeal. *Abner,* 479 N.E.2d at 1259 (defendant's objection "for reasons that we previously argued in chambers" held insufficient to preserve error).

However, we note that the hearings on Serano's various motions are included in the record. Furthermore, our review of the record indicates that the trial court understood the grounds upon which Serano was objecting. We find that Serano's allegations of error were preserved for review. *See Porter v. State* (1979), 272 Ind. 267, 270, 397 N.E.2d 269, 272 (despite defendant's general objection at trial, supreme court considered issue on the merits when trial court understood the grounds on which defendant was objecting); *Kail v. State* (1988), Ind.App., 528 N.E.2d 799, 804–805, *trans. denied* (defendant's continuing objection held sufficient to

1. Did the trial court err in denying Serano's motion to suppress photocopies of the police buy money because photocopying money is a violation of federal law?

2. Did the trial court err in denying Serano's motion for mistrial and motion to dismiss when the police did not preserve the original buy money?

3. Did the trial court err in allowing the admission of evidence regarding the additional cocaine found at Watkins' house as a result of Serano's disclosure to the police?

4. Did the trial court err in denying Serano's motion to suppress evidence regarding the statements Serano made prior to his being advised of his *Miranda* rights about his identity?

5. Did the trial court err in admitting evidence of Serano's statements regarding his identity given during the booking process?

6. Did the trial court err in admitting evidence regarding Serano's prior theft charge?

7. Did the trial court err in permitting the jury to look at transcripts of the tape recorded drug buys while they listened to the tape recordings?

8. Was the sentence imposed by the trial court based on improper aggravating circumstances?

## DISCUSSION AND DECISION

*Issue One*

█ The Evansville Police Department photocopied the money given to Mitchell for the controlled purchases of cocaine from Serano. Serano contends that the trial court erred when it denied his motion to suppress the photocopies of the buy money and the serial numbers of the bills depicted thereon. Specifically, Serano claims that Federal law prohibits the photocopying of money, and Serano's due process rights were violated when the photocopies were admitted into evidence.

We disagree. Photocopying money is proscribed by Federal law. 18 U.S.C. § 474 (1976). However, "[t]he limitations of the Due Process Clause of the Fifth Amendment come into play only when the Government activity in question violates some protected right of the *defendant.*" *Hampton v. United States*, 425 U.S. 484, 491, 96 S.Ct. 1646, 1650, 48 L.Ed.2d 113, 119 (1976) (emphasis in original).

Serano has failed to assert any personal right that was violated by the arguably illegal police conduct. On the contrary, it would appear that the aggrieved party, if any, is the United States Government. Serano's argument must therefore fail. We find no error in the trial court's denial of Serano's motion to suppress.

*Issue Two*

█ Serano claims that when the police failed to preserve the buy money and instead returned it to a fund to be used in future cases, this was tantamount to the police destroying evidence. Serano argues that his due process rights were thus violated and the trial court erred when it denied his motion for mistrial and his motion to dismiss. The decision to grant or deny a mistrial lies within the sound discretion of the trial court and will be reversed only for an abuse of that discretion. *Didio v. State* (1984), Ind., 471 N.E.2d 1117, 1121. In addition, the denial of a motion to dismiss is reversible only if the evidence is without conflict and leads only to the conclusion that the defendant was entitled to a dismissal. *Richardson v. State* (1983), Ind. App., 456 N.E.2d 1063, 1066.

█ Serano asserts, and the State concedes, that the negligent destruction of material evidence may constitute grounds for reversal. *Lee v. State* (1989), Ind., 545 N.E.2d 1085, 1089; *Wilson v. State* (1982), Ind., 432 N.E.2d 30, 32. However, "[t]he defendant must establish materiality as a condition precedent to claiming a denial of

preserve error where motion to suppress hearing was conducted on the day of trial and was included in the record on appeal); *cf. Johnson v. State* (1985), Ind., 472 N.E.2d 892, 904 (defendants' objection "as being something that we

discussed under our motion" held not sufficiently specific to preserve error when record did not indicate that defendants had made a motion for mistrial). We will thus address each of Serano's arguments on the merits.

due process where evidence is negligently lost or withheld by the government, except where the materiality is self-evident or a showing of materiality is prevented by the destruction of the evidence." *Myers v. State* (1987), Ind., 510 N.E.2d 1360, 1364. Although Serano need not prove conclusively that the "destroyed" evidence was exculpatory, we cannot assume that the evidence contained exculpatory material. Thus, the record must contain some indication that the destroyed evidence was exculpatory. *Johnson v. State* (1987), Ind., 507 N.E.2d 980, 983, *cert. denied*, 484 U.S. 946, 108 S.Ct. 335, 98 L.Ed.2d 362; *Wilson v. State*, 432 N.E.2d at 32.

In the present case, there is no indication of how the buy money would have been exculpatory. In fact, the buy money more likely would have been inculpatory. Serano only speculates that the credibility of the police may have been impeached if he had been afforded the opportunity to inspect the actual money. Furthermore, the record indicates that it was standard police procedure to place buy money back into the general fund for use in future cases. There is no showing that the police negligently or intentionally put the money back into circulation in order to deny Serano access to it or to suppress material evidence. *See Johnson*, 507 N.E.2d at 983. We find no reversible error on this issue.[6]

*Issue Three*

Serano next alleges the trial court erred when it denied his motion to suppress evidence of additional cocaine found at Watkins' house. At the hearing on Serano's motion, the interrogating officer, Sergeant Spradlin, testified that after advising Serano of his rights, he told Serano that he would not be charged with any crime regarding the additional cocaine if Serano would provide the police with its location. On appeal, Serano claims that Officer Spradlin promised him that no information regarding the additional cocaine would be used against him. Serano also asserts that the police lied to him because when the promise was made to him, Serano was only charged with Conspiracy to Deliver Cocaine, yet he was subsequently charged with two other counts of Dealing in Cocaine.

The admissibility of a statement is determined by whether, based on the totality of the circumstances, it was made voluntarily. *Townsend v. State* (1989), Ind., 533 N.E.2d 1215, 1222, *cert. denied*, — U.S. —, 110 S.Ct. 1327, 108 L.Ed.2d 502; *Gibson v. State* (1987), Ind., 515 N.E.2d 492, 494. In reviewing the admissibility of an incriminating statement, we will not reweigh the evidence or reassess witness credibility. *Townsend*, 533 N.E.2d at 1223. We will examine only the evidence most favorable to the trial court's ruling, along with the reasonable inferences drawn therefrom. *Gibson*, 515 N.E.2d at 494. If from that viewpoint there is substantial evidence to support the trial court's ruling it will not be disturbed. *Id.*

It appears that the trial court rejected Serano's claim as to what promises were made to him, and believed the testimony of Officer Spradlin that Serano was promised that he would not be charged with any crime regarding the additional cocaine. The record reveals that this promise was kept.[7] We find no error in the trial court's refusal to grant Serano's motion to suppress. *See Hailey v. State* (1988), Ind., 521 N.E.2d 1318, 1320–1321; *Heironimus v. State* (1987), Ind., 511 N.E.2d 1071, 1073.

*Issue Four*

Serano asserts error in the trial court's refusal to suppress statements that Serano made to police prior to his being advised of his *Miranda* rights. Serano claims that his questioning and detention prior to his arrest constituted a coercive atmosphere in-

---

**6.** Serano asserts that absent the actual buy money, the only evidence linking him to the charges was Watkins' testimony at trial. We remind Serano that as a court of review, we will not invade the province of the jury by reweighing the evidence presented at trial. *Collins v. State* (1988), Ind., 521 N.E.2d 682, 684.

**7.** The charges filed pertained only to the two purchases, not to the additional cocaine found in Watkins' house.

tended to elicit incriminating responses from Serano. Thus, due to the lack of *Miranda* warnings, none of his statements should have been admitted at trial.

■ The procedural safeguards of *Miranda* only apply to "custodial interrogations." *Johnson v. State* (1978), 269 Ind. 370, 375-76, 380 N.E.2d 1236, 1240; *Owen v. State* (1986), Ind.App., 490 N.E.2d 1130, 1133, *trans. denied.* "It is custodial interrogation, in a coercive atmosphere, by police officers or a police agency, seeking to elicit incriminating responses which triggers the necessity for *Miranda* warnings." *Owen,* 490 N.E.2d at 1133. However, not every question a police officer asks amounts to interrogation. *Wissman v. State* (1989), Ind., 540 N.E.2d 1209, 1212. Police are not required to give *Miranda* warnings prior to asking routine questions regarding a person's identity. *Hatcher v. State* (1980), 274 Ind. 230, 232-233, 410 N.E.2d 1187, 1189; *Owen,* 490 N.E.2d at 1132-1133.

The testimony at the motion to suppress hearing indicates that Serano was inside Watkins' house when Officer Allison arrived at Watkins' house to execute the consent search. Office Allison asked Serano for some identification, and Serano stated that he could produce none because his wallet had been stolen. Officer Allison then asked Serano for his name, and Serano gave a name that was later determined to be false. Our review of the record has revealed that none of the questions asked by the police prior to their advising Serano of his *Miranda* rights were intended to elicit incriminating evidence or obtain a confession. We thus find that Serano's statements prior to his being informed of his *Miranda* rights were properly admitted at trial. The trial court did not err in denying Serano's motion to suppress.

*Issue Five*

■ Serano's next allegation of error is the trial court's refusal to suppress evidence regarding statements he gave about his identity after he was arrested and advised of his *Miranda* rights. We remind Serano that when we review a trial court's ruling on the admissibility of a statement made during custodial interrogation, we determine only whether there is substantial evidence of probative value in the record to support the ruling. *Heffner v. State* (1988), Ind., 530 N.E.2d 297, 301.

Serano claims that the atmosphere at the police station was coercive, and characterizes the booking procedure at the police station as a situation where the police "were obviously flexing their muscle" and they gave him the impression that he would not be given "any sustenance or food or ability to sleep until such time as he [gave] them the information they want." Appellant's Brief at 38. At the hearing on Serano's motion to suppress, the booking officer, Officer Spradlin, provided the trial court with a different description. Officer Spradlin testified that while Serano was being booked, Serano continued to give false names when asked for his identity.[8] Officer Spradlin further testified that he became frustrated with Serano, and told him that he would be there in the booking lobby "for a very long time until he finally told the truth, which he finally did." Supplemental Record at 49. We find no error here.

*Issue Six*

■ Serano argues that the trial court erred in allowing evidence that he had previously been in jail to be introduced at trial after the trial court granted Serano's motion *in limine* to exclude evidence of Serano's prior criminal convictions. Initially, we note that the grant of a motion *in limine* is not a final ruling that the evidence will not be permitted. *Boyd v. State* (1986), Ind., 494 N.E.2d 284, 303. Any error thus occurs only when the challenged evidence is improperly admitted at trial. *Harris v. State* (1985), Ind., 480 N.E.2d 932, 936.

---

8. We note that "a police officer may ask routine identification information required for the booking procedure without giving *Miranda* warnings." *Boarman v. State* (1987), Ind., 509 N.E.2d 177, 181 (citations omitted). Nevertheless, Serano had been advised of these rights at least twice by the time the booking procedure began.

As a general rule, evidence of criminal activity other than that charged is inadmissible on the question of guilt. *McManus v. State* (1982), Ind., 433 N.E.2d 775, 778. However, relevant evidence is not rendered inadmissible simply because its disclosure happens to suggest other criminal activity. *Williams v. State* (1986), Ind., 491 N.E.2d 540, 541. In the present case, Serano had met Watkins while both were in jail. Also, during the booking process, Serano repeatedly provided Officer Spradlin with false names, and at one point stated that he had been in the Vanderburgh County Jail. Evidence of these two facts was presented, over Serano's objections, at trial.

After a careful review of the record, we find that this evidence was properly admitted. The giving of a false name is a form of flight and thus evidence of consciousness of guilt. *Rogers v. State* (1974), 262 Ind. 315, 324, 315 N.E.2d 707, 712. The fact that Serano and Watkins met while in jail is relevant to the conspiracy charge, and we note that Serano offered this information to Officer Spradlin. Furthermore, testimony at trial did not focus on the details of Serano's prior incarceration, and the mere mention of the fact that Serano previously had been in jail was not so prejudicial as to deny him a fair trial. *See Wooden v. State* (1985), Ind., 486 N.E.2d 441, 443. In sum, we find that the probative value of this evidence far outweighed its prejudicial impact, and the trial court properly admitted it.

*Issue Seven*

Serano claims the trial court erroneously allowed the jury to read transcripts of the tape recorded drug buys and of the taped telephone conversations between Mitchell, Serano, and Watkins. At trial, both Watkins and Mitchell testified that the tapes accurately reflected these events and that the transcripts accurately reflected the tape recordings. The court admitted the tapes and instructed the jury that only the actual tapes were evidence and not the transcript. The court further told the jury that when determining the actual content of the recordings, they were to rely on what they heard rather than on what they read if there was any difference between the two.

The decision of whether to provide the jury with transcripts to assist them in listening to tapes is one within the trial court's discretion. *Sharp v. State* (1989), Ind., 534 N.E.2d 708, 712, cert. denied (1990), — U.S. —, 110 S.Ct. 1481, 108 L.Ed.2d 617; *Bryan v. State* (1983), Ind., 450 N.E.2d 53, 59.[9] We find no testimony in the record by the person who transcribed the tapes stating that the transcriptions were accurate; however, Serano has neither shown that the transcripts were inaccurate nor demonstrated how he was prejudiced by their admission. We thus find no grounds for reversal on this issue. *See Sharp*, 534 N.E.2d at 712–713.

*Issue Eight*

Serano also appeals the sentence he received, claiming that because the trial court mistook Serano's denial of guilt as a lack of remorse, the court used an improper aggravating factor when it enhanced Serano's sentence. Sentencing is within the discretion of the trial court. *Creasy v. State* (1988), Ind., 518 N.E.2d 785, 787; *Miller v. State* (1985), Ind., 483 N.E.2d 46, 48. A trial court's imposition of sentence will be reversed on appeal only upon a showing of a manifest abuse of discretion. *Duvall v. State* (1989), Ind., 540 N.E.2d 34, 36. Serano correctly notes that a criminal defendant has a right to protest his innocence at all stages of a criminal proceeding. *Stewart v. State* (1988), Ind., 531 N.E.2d 1146; *Dockery v. State* (1987), Ind.App., 504 N.E.2d 291, 297. However, we find no error in the trial court's imposition of sentence here.

When a trial court uses an improper aggravating circumstance to enhance a sentence, we will affirm if the other aggravating circumstances are adequate to support the sentence imposed.

9. We are duty-bound to follow the clear rules set forth by our supreme court regarding the use of transcripts of taped evidence, and thus decline Serano's invitation to find that the holding in *Bryan* is erroneous.

*Owens v. State* (1989), Ind., 544 N.E.2d 1375, 1378. In the present case, the trial court found Serano's youth to be a mitigating factor. The court then listed as aggravating factors Serano's extensive prior history of criminal activity, the seriousness of the offense, the likelihood that the crime will reoccur, and his lack of remorse. Even if we were to assume that the trial court's finding of a lack of remorse was improper,[10] the court articulated three (3) other valid aggravating factors [11] and found that the aggravating factors far outweighed the mitigating factors. Only one valid aggravating factor need be shown to sustain the enhancement of a presumptive sentence. *Duvall*, 540 N.E.2d at 36; *Guenther* (1986), Ind., 501 N.E.2d 1071, 1072. We find no abuse of discretion in the trial court's imposition of sentence.

Affirmed.

BAKER, J., concurs.

SULLIVAN, J., concurs in result.

---

**10.** "[L]ack of remorse by a person who maintains his innocence must be regarded as a modest aggravator." *Owens v. State* (1989), Ind., 544 N.E.2d 1375, 1379.

**11.** *See* IND.CODE § 35–38–1–7.